UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

CLINTON BASS,                          )
                                       )
                Plaintiff,             )
                                       )
        v.                             )        No. 2:08-CV-19-JCH
                                       )
AUDRAIN COUNTY SHERIFF, et al.,        )
                                       )
                Defendants.            )

**ORDER AND MEMORANDUM**

This matter is before the Court upon the application of Clinton Bass (registration no. 73794) for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $43.70.  See 28 U.S.C. § 1915(b)(1). Furthermore, having carefully reviewed the file, the Court will order plaintiff to file an amended complaint within thirty (30) days from the date of this order, as more fully set forth below.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee.  If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the

prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period.  See 28 U.S.C. § 1915(b)(1).  After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  See 28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint.  See 28 U.S.C. § 1915(a)(1),(2).  A review of plaintiff's account statement indicates an average monthly deposit of $218.50, and an average monthly account balance of $52.72.  Plaintiff has insufficient funds to pay the entire filing fee.  Accordingly, the Court will assess an initial partial filing fee of $43.70 which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  An action is frivolous if "it

lacks an arguable basis either in law or in fact."  <u>Neitzke v.</u>
<u>Williams</u>, 490 U.S. 319, 325 (1989). An action fails to state a
claim upon which relief can be granted if it does not plead "enough
facts to state a claim to relief that is plausible on its face."
<u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B),
the Court must give the complaint the benefit of a liberal
construction.  <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).   The
Court must also weigh all factual allegations in favor of the
plaintiff, unless the facts alleged are clearly baseless.  <u>Denton</u>
<u>v. Hernandez</u>, 504 U.S. 25, 32 (1992); <u>Scheuer v. Rhodes</u>, 416 U.S.
232, 236 (1974).

**The complaint**

Plaintiff, an inmate at the Moberly Correctional Center,
seeks monetary relief pursuant to 42 U.S.C. § 1983 against
defendants "Audrain County Sheriff," Unknown Gilltrap, and Unknown
Bounds.  In addition, in the body of his complaint, plaintiff
claims that he was assaulted "by the transporting officer."

It is unclear to the Court who the intended defendants
are in this action and what plaintiff's claims are as to each
defendant.  Moreover, plaintiff's complaint was not submitted on
the court-provided form for filing a complaint pursuant to 42
U.S.C. § 1983.  Taking into consideration the fact that plaintiff
is proceeding pro se and in forma pauperis, the Court will grant

him time to file an amended complaint on the court-provided form for filing a complaint pursuant to 42 U.S.C. § 1983, in accordance with the instructions set forth below. Moreover, because the Court is allowing plaintiff to amend his complaint, it will take no action as to the named defendants at this time. Plaintiff is reminded that his amended complaint will supersede his original complaint [Doc. #1] and will be the only complaint this Court reviews. Thus, plaintiff must include in the "Caption" of the amended complaint all the defendants he wishes to sue; and in the "Statement of Claim," he must set out specific facts against each named defendant in a simple, concise, and direct manner. Plaintiff risks dismissal of the instant action if he fails to comply with this Court's instructions.

Moreover, the Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. Even pro se litigants are obligated to plead specific facts and proper jurisdiction and must abide by the Federal Rules of Civil Procedure. See U.S. v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994); Boswell v. Honorable Governor of Texas, 138 F.Supp.2d 782, 785 (N.D. Texas 2000); Fed.R.Civ.P. 8(a)(2)(complaint should contain "short and plain statement" of claims); Fed.R.Civ.P. 8(e)(2)(each claim shall be "simple, concise, and direct"); Fed.R.Civ.P. 10(b)(parties are to separate their claims within their pleadings "the contents of which shall be limited as far as practicable to a single set of circumstances").

4

Although the Court is to give plaintiff's complaint the benefit of a liberal construction, the Court will not create facts or claims that have not been alleged. Plaintiff is required, to the best of his ability, to set out not only his alleged claims in a simple, concise, and direct manner, but also the facts supporting his claims as to each named defendant.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $43.70 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint within thirty (30) days from the date of this order. In the amended complaint, plaintiff shall complete in its entirety the court-provided form for filing a complaint pursuant to

42 U.S.C. § 1983.[1]  Specifically, in the "Caption" of the form complaint, plaintiff shall set forth the name of each defendant he wishes to sue; and in the "Statement of Claim," he shall set forth as to each named defendant the specific factual allegations supporting his claim against the particular defendant, as well as the specific rights that he claims the defendant violated.

**IT IS FURTHER ORDERED** that, in addition to a copy of this Order, the Clerk shall forward to plaintiff the court-provided form for a prisoner to file a "Complaint Under the Civil Rights Act, 42 U.S.C. § 1983."

**IT IS FURTHER ORDERED** that plaintiff's failure to amend his complaint in accordance with this Court's instructions will result in the dismissal of this action, without prejudice.

**IT IS FURTHER ORDERED** that upon the filing of an amended complaint, the Clerk shall resubmit this action to the Court for review pursuant to 28 U.S.C. § 1915(e).

**Dated this 14th day of May, 2008.**


                                        /s/ Jean C. Hamilton
                                        **UNITED STATES DISTRICT JUDGE**

---

[1]The Court will instruct the Clerk of Court to provide plaintiff with the proper form.