# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| CLINTON BASS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AUDRAIN COUNTY SHERIFF, et al., )<br>)<br>Defendants. ) | No. 2:08-CV-19-JCH |

## MEMORANDUM AND ORDER

This matter is before the Court upon the filing of plaintiff's amended complaint [Doc. #11], in accordance with this Court's Memorandum and Order of May 14, 2008 [Doc. #9].

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief

that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Amended Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983. Named as defendants are Audrain County Sheriff and Officers Unknown Gilltrap and Unknown Bounds. Plaintiff's allegations arise out his confinement at the Audrain County Jail in September 2007.

**Discussion**

Having carefully reviewed the complaint, the Court concludes that this action is legally frivolous as to defendant Audrain County Sheriff, because sheriff's departments are not suable entities. See, e.g., Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992)("[s]heriff's departments and police departments are not usually considered legal entities subject so suit"); McCoy v. Chesapeake Correctional Center, 788 F.Supp. 890 (E.D.Va. 1992)(local jails are not "persons" under § 1983).

This action is also legally frivolous as to the remaining defendants, given that the complaint is silent as to whether defendants Gilltrap and Bounds are being sued in their official or individual capacities.[1]  Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir.1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri.  See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).  "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." Id.  As such, the complaint fails to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief can be granted.

---

[1] It is unclear to the Court whether plaintiff intends to sue as defendants in this action the numerous individuals listed on page ten of the amended complaint. The Court concludes that even if plaintiff is seeking to include these people as party defendants, the action would be dismissed as to all of them, given that the amended complaint is silent as to whether they are being sued in their individual or official capacities.

An appropriate order of dismissal shall accompany this Memorandum and Order.

Dated this 10th Day of June, 2008.

                                          /s/ Jean C. Hamilton
                                          UNITED STATES DISTRICT JUDGE